# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

| | | |
|---|---|---|
| LUIS JOEL CABRERA VICIOSO, | ) | Case No. 2:26-cv-1975 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH EDLOW, in his official | ) | **COMPLAINT FOR WRIT OF** |
| capacity as Director, U.S. Citizenship | ) | |
| & Immigration Services; | ) | **MANDAMUS AND** |
| | ) | |
| CARRIE M. SELBY, in her official | ) | **APA JUDICIAL REVIEW** |
| capacity as Acting Associate Director, | ) | |
| Service Center Operations Directorate, | ) | **[DECLARATORY RELIEF** |
| U.S. Citizenship & Immigration Services; | ) | |
| | ) | **REQUESTED]** |
| Defendants. | ) | |

_____

COMES NOW, Plaintiff, LUIS JOEL CABRERA VICIOSO, through undersigned counsel, and submits this Complaint for Mandamus, 28 U.S.C. §§ 1361, 1651, APA Judicial Review, 5 U.S.C. § 702 et seq., and Declaratory Relief, 28 U.S.C. § 2201, in combination with Federal Question jurisdiction, 28 U.S.C. § 1331. Plaintiff challenges U.S. Citizenship & Immigration Services' (hereinafter, "USCIS") failure to adjudicate Plaintiff's Form I-129F, Petition for Alien Fiancé(e). In support, Plaintiff states the following:

## **INTRODUCTION**

Plaintiff Luis Joel Cabrera Vicioso ("Mr. Cabrera") is a United States citizen who is statutorily eligible to petition for his fiancée, Catalina Guarin Tapias ("Ms. Guarin Tapias"), a citizen of Colombia, to travel to the United States on a K-1 nonimmigrant visa so that the couple may marry and begin their life together. On February 5, 2025, Mr. Cabrera filed a Form I-129F, Petition for Alien Fiancé(e), with USCIS on behalf of Ms. Guarin Tapias. USCIS' approval of this petition is a necessary first step for Ms. Guarin Tapias to apply for a K-1 fiancée visa at a U.S. Consulate abroad, enter the United States, and marry Mr. Cabrera within ninety (90) days as required by law.

Despite the passage of nearly sixteen (16) months since the petition was filed, USCIS has failed to adjudicate the I-129F petition, thereby unreasonably delaying

2

the immigration process and impeding the couple's ability to unite in the United States. The delay is particularly egregious given that USCIS's own published processing time states that 80% of I-129F petitions are completed within eleven (11) months, a benchmark the agency has far exceeded in this case by over five (5) months, with no explanation provided to Plaintiff. Mr. Cabrera and Ms. Guarin Tapias share a minor daughter together, and the prolonged delay deprives that child of the opportunity to be raised in a unified two-parent household in the United States. Congressional inquiries made on Plaintiff's behalf by both Congressman Mario Díaz-Balart and Senator Rick Scott produced only identical boilerplate responses from USCIS claiming the petition is "pending background checks" without any timeline or individualized explanation.

Defendants have a clear, non-discretionary duty to act on properly filed immigration petitions within a reasonable time. Accordingly, Plaintiff seeks relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), to compel Defendants to adjudicate the pending petition without further delay.

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1346 (United States Defendant); 28 U.S.C. § 1361 (jurisdiction to compel an officer to perform a duty

3

owed to Plaintiff); 5 U.S.C. § 555(b) (ancillary matters); 28 U.S.C. § 2201 (Declaratory Relief); 5 U.S.C. § 704 (no other adequate remedy); and the Immigration & Nationality Act and the regulations implementing it (Title 8 of the Code of Federal Regulations). See also *Califano v. Sanders*, 430 U.S. 99, 105–107 (1977); *Mejia Rodriguez v. United States Dep't of Homeland Sec.*, 562 F.3d 1137, 1142–44 (11th Cir. 2009). The government has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

For purposes of 5 U.S.C. § 704, Plaintiff lacks any statutory, regulatory, or administrative remedy sufficient to remedy the agency's unreasonable delay. The instant suit is therefore properly filed. 5 U.S.C. § 704 ("[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

Pursuant to 28 U.S.C. § 2201, this Court may, in the case of actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

This Court can set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(1), (2)(A).

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are officers or employees of the United States acting in their official capacities, Mr. Cabrera resides in [CITY], Florida ([COUNTY] County), within the Fort Myers Division of this Court, and no real property is involved.

**PARTIES**

Plaintiff Luis Joel Cabrera Vicioso is a United States citizen residing in Ave Maria, Florida (Collier, County). He filed a Form I-129F, Petition for Alien Fiancé(e) (Receipt No. WAC2590071175), with USCIS to establish his fiancée's eligibility for a K-1 nonimmigrant visa pursuant to 8 U.S.C. § 1184(d) and 8 C.F.R. § 214.2(k).

5

Defendant Joseph Edlow is the Director of USCIS and bears ultimate responsibility, inter alia, for ensuring that all applications and petitions submitted to USCIS are adjudicated within a reasonable time. He is sued in his official capacity.

Defendant Carrie M. Selby is the Acting Associate Director of the Service Center Operations Directorate (SCOPS), which oversees the USCIS service centers at which Mr. Cabrera's I-129F petition is pending, and is responsible for ensuring that it is adjudicated within a reasonable time. She is sued in her official capacity.

## FACTUAL ALLEGATIONS

Plaintiff Luis Joel Cabrera Vicioso is a United States citizen who is engaged to marry Catalina Guarin Tapias, a citizen and national of Colombia. Mr. Cabrera and Ms. Guarin Tapias share a minor daughter together, further underscoring the genuine, bona fide nature of their relationship and the profound ongoing harm caused by USCIS's continued failure to adjudicate the pending petition.

On February 5, 2025, Mr. Cabrera filed a Form I-129F, Petition for Alien Fiancé(e), with USCIS on behalf of Ms. Guarin Tapias, seeking to classify her as his fiancée eligible for a K-1 nonimmigrant visa pursuant to 8 U.S.C. § 1184(d) and 8 C.F.R. § 214.2(k). The petition was accepted and USCIS issued Receipt Notice No. WAC2590071175, confirming receipt of the petition at the California Service Center. The I-129F petition remains unadjudicated nearly sixteen (16) months later, despite the statutory obligation for USCIS to act within a reasonable time under 5

6

U.S.C. § 555(b). In connection with the filing of the I-129F petition, Mr. Cabrera also paid the required filing fee of $675.00 to USCIS, as evidenced by the Receipt Notice. USCIS accepted this payment and the petition without objection. Despite having received and retained the benefit of this fee for over sixteen (16) months, USCIS has taken no adjudicative action on the petition. (**Exhibit A** – I-129F Receipt Notice No. WAC2590071175).

The approval of Plaintiff's I-129F petition is a prerequisite for Ms. Guarin Tapias to obtain a K-1 nonimmigrant visa and travel to the United States to marry Mr. Cabrera. Without USCIS's adjudication of this petition, Ms. Guarin Tapias has no lawful pathway to enter the United States as Mr. Cabrera's fiancée, and the couple cannot marry and establish their family life together in the United States. The couple are therefore involuntarily separated across international borders solely due to USCIS's unreasonable delay.

The published processing time for Form I-129F petitions at USCIS's Service Center Operations Directorate (SCOPS) is eleven (11) months for 80% of cases, a benchmark USCIS has far exceeded in this case by approximately five (5) months, with no individualized explanation or justification provided to Plaintiff. As of the date of this Complaint, Plaintiff's petition has been pending nearly sixteen (16) months. (**Exhibit B** – USCIS Processing Times Printout, dated April 29, 2026).

7

On March 31, 2026, Mr. Cabrera submitted a formal service request inquiry to USCIS regarding the status of his pending I-129F petition. USCIS acknowledged receipt and assigned Inquiry ID T1S0902600886RPA, advising that the agency may require at least sixty (60) days to process the request. No substantive response or adjudicative action has been taken since. (**Exhibit C** – USCIS Service Request Confirmation, March 31, 2026).

Congressman Mario Díaz-Balart made a congressional inquiry to USCIS on Mr. Cabrera's behalf. On April 20, 2026, USCIS responded with a generic, boilerplate reply stating only that the petition "is currently pending background checks" and that USCIS is "unable to provide... a processing time." No individualized explanation or timeline was provided. (**Exhibit D** – Response from Congressman Mario Díaz-Balart's Office, April 20, 2026).

Senator Rick Scott's office similarly made a congressional inquiry to USCIS on Mr. Cabrera's behalf. On May 5, 2026, USCIS responded with an identical boilerplate reply: the petition "is currently pending background checks" and USCIS is "unable to provide... a processing time." Again, no individualized explanation or timeline was provided. (**Exhibit E** – Response from Senator Rick Scott's Office, May 5, 2026).

The prolonged delay in the adjudication of the I-129F petition is unreasonable, unjustified, and constitutes agency action unlawfully withheld or unreasonably

8

delayed under 5 U.S.C. § 706(1). USCIS has taken no substantive adjudicative action on the petition, issued no Request for Evidence, issued no Notice of Intent to Deny, and has provided no individualized explanation for its failure to act.

The prolonged delay has caused substantial and ongoing harm to Mr. Cabrera, Ms. Guarin Tapias, and their minor daughter. The couple is separated across international borders, unable to marry and begin their family life together in the United States. Their minor daughter, a U.S. Citizen living in Colombia, is denied the opportunity to be raised in a unified two-parent household. The couple suffers ongoing emotional, financial, and familial hardship that grows more severe with each additional month of USCIS's inaction.

Over sixteen (16) months have passed since Plaintiff filed his I-129F petition. Had the petition been processed within USCIS's own published benchmark of eleven (11) months, Ms. Guarin Tapias would have long since been issued a K-1 visa and the couple would have been able to marry and begin building their life together in the United States.

There is no rule of reason justifying the delay in Mr. Cabrera's case. Petitioners who filed I-129F petitions after Mr. Cabrera have had their cases decided before his. Mr. Cabrera's case should have reached the front of any adjudication queue long ago. Consequently, the relief he seeks will not cause him to improperly jump ahead of others who have been waiting longer.

9

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted his administrative remedies. No other remedy is adequate in this case because Defendants have not updated the status of, nor made a decision on, Plaintiff's Form I-129F petition. Plaintiff has filed the petition with proper supporting evidence, submitted a formal USCIS service request, and sought congressional intervention from both Congressman Mario Díaz-Balart and Senator Rick Scott, all without obtaining any substantive adjudicative action or meaningful response from USCIS. Immediate judicial relief is the only remedy available.

Plaintiff seeks an order compelling Defendants to act according to law. There is no other administrative relief available to Plaintiff. Therefore, Plaintiff has exhausted all available administrative remedies.

There has been no prior judicial review of this matter.

## CLAIMS FOR RELIEF

## COUNT ONE

(Violation of the Administrative Procedure Act, 5 U.S.C. § 706(1))

1. Plaintiff Luis Joel Cabrera Vicioso re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

10

2. The Administrative Procedure Act ("APA") requires federal agencies, including Defendant USCIS, to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). The APA further provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

3. Defendants have a nondiscretionary duty to adjudicate Plaintiff's properly filed Form I-129F, Petition for Alien Fiancé(e). Under 8 U.S.C. § 1184(d), USCIS is required to investigate and determine K-1 fiancée petitions submitted by United States citizens. While the ultimate decision to approve or deny a petition may involve discretionary elements, the duty to render a decision within a reasonable time is not discretionary. This statutory duty is reinforced by 5 U.S.C. § 555(b) and 8 C.F.R. § 214.2(k), which governs the adjudication of properly filed K-1 fiancée petitions.

4. Despite this nondiscretionary duty, Defendants have failed to adjudicate Plaintiff's Form I-129F petition for over sixteen (16) months since its filing on February 5, 2025. During this period, USCIS has taken no substantive adjudicative action, issued no Request for Evidence, issued no Notice of Intent to Deny, failed to provide any meaningful response to Plaintiff's service request, and has provided no individualized justification for the prolonged delay.

**Unreasonable Delay Under the TRAC Factors**

11

5. In determining whether agency action has been unreasonably delayed under 5 U.S.C. § 706(1), courts apply the factors articulated in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984). Application of these factors demonstrates that Defendants' delay in adjudicating Plaintiff's Form I-129F petition is unreasonable.

6. First and Second TRAC Factors – Rule of Reason and Statutory Scheme. Nearly sixteen (16) months have elapsed without adjudication of Plaintiff's petition. USCIS's own published processing time for Form I-129F petitions at SCOPS shows that 80% of cases are completed within eleven (11) months. Plaintiff's petition has remained pending approximately five (5) months beyond even that benchmark without any individualized explanation. Defendants were unable to provide any processing timeline even after congressional inquiries from both Congressman Mario Díaz-Balart and Senator Rick Scott, instead offering only the identical, boilerplate response that the petition is "pending background checks." This demonstrates the complete absence of any rule of reason governing Defendants' inaction in this case.

7. Third and Fifth TRAC Factors – Human Welfare and Prejudiced Interests. The prolonged delay has caused significant and ongoing harm to Plaintiff, his fiancée, and their minor daughter. Mr. Cabrera and Ms. Guarin Tapias are involuntarily separated across international borders, unable to marry and begin their

12

life together in the United States. Their minor daughter is deprived of the opportunity to be raised in a unified two-parent family household. The K-1 fiancée visa program established by Congress in 8 U.S.C. § 1184(d) reflects a congressional policy of facilitating the reunification of United States citizens with their foreign national fiancé(e)s. Defendants' failure to adjudicate Plaintiff's petition directly undermines that statutory objective and prejudices interests that Congress intended to protect.

8. Fourth TRAC Factor – Effect of Expediting on Competing Agency Priorities. Defendants have identified no competing agency priority that justifies the extended delay in Plaintiff's case. USCIS has not disclosed any formal adjudication queue, the order in which petitions are processed, or Plaintiff's position in any such queue. Moreover, Form I-129F petitions filed after Plaintiff's have been adjudicated, indicating that adjudicating Plaintiff's petition would not disrupt higher-priority agency functions or improperly elevate Plaintiff ahead of similarly situated petitioners.

9. Sixth TRAC Factor – Absence of Impropriety Not Required. Plaintiff does not allege bad faith or improper motive by Defendants. However, a finding of unreasonable delay does not require a showing of impropriety where, as here, the length of the delay is extreme, unexplained, and inconsistent with the agency's own published processing standards.

13

10. Accordingly, Defendants' failure to adjudicate Plaintiff's Form I-129F petition for over sixteen (16) months constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

11. Plaintiff is entitled to relief under the APA in the nature of an order compelling Defendants to adjudicate the pending Form I-129F petition within a reasonable time.

## COUNT TWO

(Violation of the Mandamus Act, 28 U.S.C. § 1361)

1. Plaintiff Luis Joel Cabrera Vicioso re-alleges and incorporates by reference all preceding paragraphs, including those set forth in Count One, as though fully set forth herein.

2. Under the Mandamus Act, 28 U.S.C. § 1361, this Court has jurisdiction to compel an officer or employee of the United States to perform a duty owed to the plaintiff. Mandamus relief is appropriate where (1) the plaintiff has a clear right to the relief requested, (2) the defendant has a clear, nondiscretionary duty to act, and (3) no other adequate remedy is available.

3. Plaintiff has a clear right to adjudication of his properly filed Form I-129F petition. Under 8 U.S.C. § 1184(d), USCIS is required to investigate and determine K-1 fiancée petitions, and Plaintiff, as a United States citizen petitioning for his

foreign national fiancée, falls squarely within the zone of interests protected by the Immigration and Nationality Act and the K-1 nonimmigrant visa provisions thereof.

4. Defendants have a clear, nondiscretionary duty to adjudicate Plaintiff's Form I-129F petition. While Defendants retain discretion over the ultimate outcome of the petition, they do not have discretion to refuse to adjudicate it or to delay adjudication indefinitely. The duty to act within a reasonable time is further reinforced by 5 U.S.C. § 555(b).

5. Defendants have failed to perform this nondiscretionary duty by allowing Plaintiff's Form I-129F petition to remain pending for over sixteen (16) months without adjudication. As set forth in Count One, this delay is unreasonable under the factors articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

6. Plaintiff has no other adequate remedy to obtain timely adjudication of his petition. Plaintiff has submitted a USCIS service request that produced no substantive response. Plaintiff has engaged the offices of both a United States Congressman and a United States Senator, neither of whom was able to obtain any meaningful agency action. Absent judicial intervention, Defendants may continue to withhold adjudication indefinitely. While the APA provides a cause of action for unreasonable delay, mandamus relief is separately appropriate here to ensure prompt compliance with Defendants' nondiscretionary duty.

15

7. Given the length of the delay, the complete absence of any individualized justification, and the significant prejudice to Plaintiff, his fiancée, and their minor daughter, Defendants' inaction is sufficiently egregious to warrant mandamus relief.

8. Plaintiff therefore seeks issuance of a writ of mandamus directing Defendants to adjudicate the pending Form I-129F petition within a reasonable period of time as determined by this Court, and to retain jurisdiction until Defendants have fully complied with the Court's order.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Luis Joel Cabrera Vicioso respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Declare that Defendants' failure to adjudicate Plaintiff's Form I-129F, Petition for Alien Fiancé(e), constitutes agency action unlawfully withheld or unreasonably delayed in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1);

C. Order Defendants to adjudicate Plaintiff's pending Form I-129F petition within a reasonable period of time, as determined by this Court;

16

D. Issue a writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to perform their nondiscretionary duty to adjudicate Plaintiff's Form I-129F petition within a reasonable time;

E. Retain jurisdiction over this matter until Defendants have complied fully with the Court's order and adjudicated the petition;

F. Award Plaintiff reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and any other applicable provision of law, to the extent permitted; and

G. Grant such other and further relief as the Court deems just and proper.

Dated: June 12, 2026                          Respectfully Submitted,

                                              */s/ Marcus A. Wobschall*
                                              Marcus A. Wobschall, Esq.
                                              Florida Bar No.: 1019033
                                              Veritas Immigration Law, P.A.
                                              4850 Tamiami Trail N., Suite 301
                                              Naples, FL 34103
                                              Telephone: (305) 306-7833
                                              Fax: (305) 404-2322
                                              Attorney for Plaintiff

17